IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHANEAL SQUIER, | § | |
| | § | No. 192, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2103010390 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: September 7, 2022
Decided: October 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)    The appellant, Nathaneal Squier, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Squier's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In August 2021, a grand jury charged Squier with multiple crimes, including first-degree rape, strangulation, and third-degree assault.  The victim was Squier's girlfriend.  On November 9, 2021, Squier pleaded guilty to strangulation

and third-degree assault in exchange for the State entering a *nolle prosequi* on the remaining charges. The Superior Court sentenced Squier as follows: (i) for strangulation, five years of Level V incarceration, suspended after 120 days for one year of Level III probation; and (ii) for third-degree assault, one year of Level V incarceration, suspended for one year of Level III probation. The Superior Court also ordered Squier to obtain a mental health evaluation and not to have any contact with the victim.

(3) On January 26, 2022, the Department of Correction ("DOC") filed an administrative warrant alleging that Squier had violated his probation, which he had started on December 14, 2021, by committing new domestic violence offenses against a different female victim. The subsequent VOP reports alleged that Squier had violated his probation by committing new crimes (strangulation, third-degree assault, intentionally or recklessly causing physical injury to another, and noncompliance with bond conditions) and failing to comply with the no-contact and mental health evaluation provisions of the sentencing order. At the first VOP hearing on February 4, 2022, the Superior Court granted the parties' request for a continuance.

(4) At the May 13, 2022 VOP hearing, the State advised the court that Squier had pleaded guilty to third-degree assault in his new criminal case. Squier admitted that he had violated his probation and had pleaded guilty to third-degree

2

assault. After expressing concern about Squier's pattern of serious violence against women, the Superior Court sentenced Squier as follows: (i) for strangulation, four years and eight months of Level V incarceration, suspended after three years, followed by one year of Level IV DOC discretion and one year of Level III GPS; and (ii) for third-degree assault, one year of Level V incarceration, suspended after six months, followed by six months of Level IV discretion and eighteen months of Level III GPS. This appeal followed.

(5) In his opening brief, Squier does not dispute that he violated his probation, but asks for the VOP sentence he says the State originally offered him (one or two years of Level V incarceration followed by a year of probation) and represents that he will take a domestic violence class and turn his life around. He claims that the Superior Court judge was biased against him. The State argues that Squier's claims are without merit, but concedes that the eighteen-month Level III portion of the VOP sentence for the third-degree assault conviction exceeds the one-year statutory limit established by 11 *Del. C.* § 4333(b)(3).[1]

(6) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[2] If

---

[1] As the State notes, the period of probation does not include Level IV time. 11 *Del. C.* § 4333(g)(2) ("As used in this section, the phrase 'period of probation or suspension of sentence' shall not include any period of a sentence that is designated by the sentencing court to be served at Supervision Accountability Level IV as defined in § 4204(c)(4) of this title.").

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3]

(7)     Once Squier committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Squier's sentence.[4]  Squier's VOP sentence does not exceed the Level V time remaining on his original sentence.  In addition, the record does not support Squier's conclusory claim of judicial bias.  In sentencing Squier for his VOP, the Superior Court judge was understandably concerned that shortly after Squier started serving probation for crimes of domestic violence, he committed new crimes of domestic violence.

(8)     Although Squier's claims have no merit, the State concedes that the eighteen-month Level III portion of the VOP sentence for the third-degree assault conviction exceeds the one-year statutory limit for felonies that are neither violent nor drug-related.[5]  We agree and conclude that the proper course of action is to vacate the Superior Court's VOP sentencing order and remand for resentencing.  Squier is entitled to be present and represented by counsel when he is resentenced.

---

[3] *Id.*

[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[5] 11 *Del. C.* § 4333(b))(3) (providing that the period of probation for a crime that is not designated a violent felony under § 4201(c) or  set forth in Title 16 shall not be more than one year).

4

NOW, THEREFORE, IT IS ORDERED that the Superior Court's finding that the appellant violated the terms of his probation is AFFIRMED.   The Superior Court's May 13, 2022 sentencing order is VACATED, and the matter is hereby REMANDED to the Superior Court for further proceedings consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice